IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAUL CASTILLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-04-4859 |
| | § | |
| LARRY HOMAN, individually, | § | |
| GILBERT GARCIA, individually, | § | |
| and THE CITY OF HOUSTON, | § | |
| | § | |
| Defendants. | § | |
| | § | |

<u>ORDER</u>

Pending before the Court is the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Document No. 4) filed by Defendants City of Houston and Larry Homan.  Having considered the motion, submissions and applicable law, the Court determines that Defendants' motion to dismiss should be granted in part and denied in part.

<u>BACKGROUND</u>

On December 29, 2004, Plaintiff Raul Castillo ("Castillo") filed the instant suit against Defendants Larry Homan, Gilbert Garcia, and the City of Houston, alleging violations of the Age Discrimination in Employment Act[1] ("ADEA") and the Texas

---

[1] 29 U.S.C. § 623(d) (2000).

Commission on Human Rights Act[2] ("TCHRA") as well as retaliation and defamation. In his complaint, Castillo prays for statutory damages allowed under both the ADEA and TCHRA, attorney's fees, back pay, damages for emotional pain, interest, loss of enjoyment of life, mental anguish, loss of earnings, loss of benefits, and exemplary damages.    Castillo, a thirteen year employee of the City of Houston, alleges he was passed over for the position of Administrative Manager in the Resource Management Division due to his age.  According to Castillo, after a screening process determined Castillo was the most qualified candidate, Defendants Larry Homan and Gilbert Garcia reopened the selection process, eventually awarding the position to an allegedly less qualified individual.  Castillo, who is 58 years old, claims he was denied the position because of his age.  Therefore, Castillo filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC").[3]

While Castillo's EEOC claim was pending, a position for Division Manager became available.  Castillo alleges he was not considered for that position because of the on-going age discrimination by the City of Houston or he was being retaliated against for his EEOC filing.  Further, Castillo alleges City of Houston employees

---

[2] TEX. LAB. CODE ANN. §§ 21.051 and 21.055 (Vernon 1996).

[3] The Court notes Castillo's complaint does not include any dates regarding the filing of a charge with the EEOC or receipt of a right-to-sue letter.

slandered him by knowingly making false statements about him, which subsequently damaged his business reputation.  However, Castillo's complaint does not specifically indicate the substance of any alleged defamatory statements, the authors of the statements, or the timing of the statements.

On March 9, 2005, in response to the allegations in Castillo's complaint, Defendants City of Houston and Larry Homan filed the instant motion to dismiss for failure to state a claim.  Defendants first contend Larry Homan, as a supervisory employee, cannot be sued in his individual capacity under the TCHRA or ADEA. Next, Defendants assert Castillo never received a right to sue letter from the Attorney General, a necessary prerequisite to filing a Title VII suit against a governmental entity or governmental agency.[4]  Without this letter, Defendants argue Castillo failed to exhaust his administrative remedies prior to filing suit.  Similarly, Defendants allege Castillo's complaint does not demonstrate he received a right to sue letter from the Texas Commission on Human Rights ("TCHR").  Thus, Defendants contend Castillo failed to exhaust his administrative remedies under the TCHRA.  Defendants also assert Castillo is now time barred from filing a TCHRA claim because more than 180 days

---

[4]There is some confusion between the parties concerning whether Castillo's federal claim is based on the ADEA or Title VII.  In Castillo's response to Defendants' motion to dismiss, Castillo explicitly states the instant suit is based on an ADEA claim and not Title VII.

have passed from the date the City of Houston filled the Administrative Manager position.  In addition, Defendants contend the City of Houston is not liable for defamation as an intentional tort, unless there is a waiver of immunity under the Texas Tort Claims Act.  Finally, Defendants argue neither exemplary nor punitive damages are recoverable against a city under either the ADEA or TCHRA.[5]

## STANDARD OF REVIEW

A party may move to dismiss an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  However, because of the harsh nature of such a dismissal, the motion for failure to state a claim is "viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  When reviewing a Rule 12(b)(6) motion to dismiss, the court must view the complaint in the light most favorable to the plaintiff and accept all facts in the complaint as true. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  In addition, a district court must limit itself to the contents of the pleadings, including attachments thereto, to determine whether a claim has been stated.  *Id.*  The district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in

---

[5] In their motion, Defendants again refer to Title VII instead of the ADEA. However, a close reading of Castillo's complaint, as well as his response to the instant motion, indicates Castillo's claims fall under the ADEA, not Title VII.

support of his claim which would entitle him to relief." *Id*. at 498 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead specific facts, not merely conclusory allegations. *Id*.; *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989). However, "the Court need not accept legal conclusions . . . ." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)); *see also Blackburn v. Fisk Univ*., 443 F.2d 121, 124 (6th Cir. 1971) (stating the court is "required to accept only well-pleaded facts as true, not the legal conclusions that may be alleged").

## LAW & ANALYSIS

### A.    *Exhaustion of Remedies Under the ADEA*

Defendants argue Castillo's claims under the ADEA should be dismissed because Castillo did not exhaust his administrative remedies.  The ADEA states "[n]o civil action may be commenced by an individual . . . until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]." 29 U.S.C. § 626(d) (2000).  The charge must either be filed "within 180 days after the alleged unlawful practice occurred" or, in a case where the state has statutes proscribing the same conduct, "within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State

law, whichever is earlier." 29 U.S.C. § 626(1)-(2).

Here, Defendants are correct in their assertion that a civil suit against a municipality under Title VII requires receipt of a right to sue letter from the Attorney General of the United States. 42 U.S.C. § 2000e-5(f)(1) (2000). However, this is not a Title VII action. Instead, this is an ADEA action. Unlike an action brought under Title VII, the ADEA does not require that an individual receive a right to sue letter from the EEOC.[6] *Julian v. City of Houston*, 314 F.3d 721, 725 (5th Cir. 2002). Thus, if a complainant satisfies the above requirements, no physical possession of the right to sue letter is required, and "a complainant who timely files [his] EEOC charge and then observes the sixty-day waiting period has satisfied the statutory preconditions to filing suit" under the ADEA. *Id.*

In his complaint, Castillo alleges he filed a charge of age discrimination with the EEOC within the three-hundred day window. Castillo further alleges he filed suit within ninety days after receiving the right to sue letter. However, the Court notes Castillo's pleadings do not contain sufficient information, such as specific dates that any of the alleged events occurred, and, without this information, the Court cannot determine if Castillo properly exhausted all of his administrative remedies within the

---

[6]However, if the complainant receives a right to sue letter from the EEOC, he has ninety days to file his lawsuit. 29 U.S.C. § 626(e).

statutory limits.  Because the Court must examine a motion to dismiss in a light most favorable to the plaintiff, the Court finds it is likely Castillo may be able to adequately state a claim based on the facts presented.  In his response to Defendants' motion to dismiss, Castillo requests leave to amend his pleadings concerning the exhaustion of administrative remedies issues.  Accordingly, the Court determines Castillo should be given leave to amend his pleadings to address any deficiencies concerning his ADEA claims.

B.    *Exhaustion of Remedies Under the TCHRA*

Similarly, Defendants argue Castillo did not file an appropriate charge of discrimination with the TCHR and, therefore, failed to exhaust his administrative remedies under the TCHRA.  Defendants also contend Castillo is now time barred from filing suit.

To comply with the TCHRA exhaustion requirement, a complainant must satisfy several steps.  First, the complainant must file a grievance with the TCHR within 180 days of the discriminatory act.  *See* TEX. LAB. CODE ANN. § 21.202 (Vernon 1996).  Once a complaint is filed, the TCHR (or its agent) has 180 days to either dismiss or resolve the issue.  TEX. LAB. CODE ANN. § 21.208 (Vernon 1996).  If the TCHR fails to resolve the issue within that time period, it must notify the complainant in writing.  *Id.*  If the complainant receives notice of dismissal, he or she may seek written notice

7

of her right to a file civil action.[7]   TEX. LAB. CODE ANN. § 21.252 (Vernon 1996).

Once notice of his right to file a civil action is received, the complainant has 60 days

in which to file a suit.  TEX. LAB. CODE ANN. § 21.254 (Vernon 1996).  However, the

claimant is not required to physically possess the notice of right to sue.  If the

department fails to issue the notice of the complainant's right, the complainant still has

the right to bring a civil suit against the respondent.  TEX. LAB. CODE ANN. § 21.252

(Vernon 1996); *see also Eckerdt v. Frostex Foods, Inc.*, 802 S.W.2d 70, 71 (Tex.

App.–Austin 1990, no writ).  Finally, the complainant must initiate is suit no later than

two years from filing the administrative complaint.  TEX. LAB. CODE ANN. § 21.256

(Vernon 1996).

The Texas Supreme Court has ruled that exhaustion of administrative remedies

is a necessary prerequisite to filing a civil action alleging a violation of the TCHRA.

*Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991).  If a

complainant fails to exhaust his administrative remedies, a district court is

jurisdictionally barred from hearing the claim. *Jones v. Grinnell Corp.*, 235 F.3d 972,

974-75 (5th Cir. 2001).  There are two ways to satisfy the TCHRA's exhaustion

requirement: (1) if the TCHR does not find reasonable cause and dismisses the

---

[7]"Failure to issue the notice of a complainant's right to file a civil action does not
affect the complainant's right . . . to bring a civil action against the respondent."  TEX.
LAB. CODE ANN. § 21.252(d) (Vernon 1996).

complaint or (2) the TCHR cannot resolve the complaint within 180 days.  TEX. LAB. CODE ANN. § 21.208.  The TCHRA requires that notice of exhaustion be sent from the TCHR informing the complainant of dismissal or failure to resolve.  *Rice v. Russell-Stanley*, 131 S.W.3d 510, 513-14 (Tex. App.–Waco 2004, pet. denied).  However, receipt of a right to sue letter is not required.  *Id*.  Thus, the complainant is neither required to request it, nor is the complainant required to demonstrate he received the letter from the TCHR to file suit.  *Id*. at 514.

Thus, the question raised by Defendants is whether Castillo satisfied the TCHRA filing requirement by only filing his complaint with the EEOC.  The EEOC and TCHR have a worksharing agreement designating each as an agent for the other.  *Vielma v. Eureka Co.*, 218 F.3d 458, 462 (5th Cir. 2000).  When a complaint is filed with one agency, the complainant may also consider it filed with the other.  *Id*. at 462-63; *see also Griffin v. City of Dallas*, 26 F.3d 610, 612-13 (5th Cir. 1994) (stating "upon the EEOC's receipt of the complaint, the TCHR, for all legal and practical purposes, [also] received the complaint").

In the instant case, Castillo alleges he filed a complaint with the EEOC, which would be deemed filed with the TCHR.  However, Castillo has not shown that he received a right to sue letter or notice of exhaustion letter from the TCHR concerning his claim.  In his pleadings, he points to the letter received from the EEOC.  However,

9

an EEOC right to sue letter may not substitute for a TCHR right to sue letter.

*Grinnell Corp.*, 235 F.3d at 975. While actual possession of a right to sue letter is not

mandatory before filing a suit under the TCHRA, Castillo must be entitled to the right

to possess the right to sue letter (i.e. the notice of dismissal or failure to resolve). *See*

*City of Houston v. Fletcher*, 63 S.W.3d 920, 923 (Tex. App.–Houston [14th Dist.]

2002, no pet.). If Castillo can demonstrate he is entitled to possession of the right to

sue letter, this is sufficient to exhaust his administrative remedies under the TCHRA.

*Id.* Again, Castillo's response requests leave to amend his pleadings concerning this

issue. Accordingly, the Court will permit Castillo leave to amend his pleadings

concerning his claims under the TCHRA.

C.    *Age Discrimination Claim Against Larry Homan*

In Castillo's complaint, he asserts age discrimination claims against Larry

Homan ("Homan"), a supervisor, under the ADEA and TCHRA. However, by statute,

the ADEA and TCHRA do not provide for liability against individual supervisors, only

employers.[8] *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001);

*Martin v. Kroger Co.*, 65 F. Supp. 2d 516, 533 (S.D. Tex. 1999). Castillo's response

specifically requests he be given leave to amend his claims against Homan and other

---

[8]*See* 29 U.S.C. § 623(a) (2000); TEX. LAB. CODE ANN. §§ 21.002, 21.051 (Vernon 1996).

10

individuals to slander only.  Based on his request, the Court will allow Castillo to amend his complaint and state any viable claims, if any, against Homan and/or other individuals.  In doing so, the Court will also grant the motion to dismiss as to any age discrimination claims against Homan individually.

D.     *Defamation*

In his complaint, Castillo further alleges that City of Houston employees defamed him.  However, Castillo only asserts his defamation claims against the City of Houston. "Under the common-law doctrine of sovereign immunity, a municipality is immune from tort liability for its own acts or the acts of its agents unless the Texas Torts Claims Act waives immunity." *City of Amarillo v. Martin*, 971 S.W.2d 426, 427 (Tex. 1998) (citing *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994)). The Texas Tort Claims Act "waives governmental immunity in three general areas: use of publicly owned vehicles, premises defects, and injuries arising from conditions or use of property." *Wagner v. Tex. A&M Univ.*, 939 F. Supp. 1297, 1328 (S.D. Tex. 1996).   However, it precludes claims "arising out of assault, battery, false imprisonment, or any other intentional tort . . . ." Tex. Civ. Prac. & Rem. Code Ann. § 101.057 (Vernon 2005).  Hence, defamation claims are specifically excluded by statute. *See Wagner*, 939 F. Supp. at 1328.  As the alleged action is precluded and does not meet any of the waiver requirements under the Texas Tort Claims Act, the

Court grants Defendants' motion to dismiss regarding any defamation claims against the City of Houston.

## E.     *Exemplary Damages*

Finally, Defendants argue Castillo's claim for exemplary fees under the ADEA and TCHRA should be dismissed because exemplary or punitive damages are not recoverable against a municipality.  Under the Texas Labor Code, a governmental entity is exempt from an award of punitive or exemplary damages.  TEX. LAB. CODE ANN. § 21.2585(b) (Vernon 1996).  While the ADEA does not permit punitive damages, it does allow liquidated damages, which are seen as punitive in nature, and limits the amount awarded to an equivalent of back pay.  *Cross v. New York Transit Auth.*, No. 04-2912-CV, 2005 WL 1806090, at *9 (2d Cir. Aug. 2, 2005) (pending publication).  Liquidated damages are available for <u>willful</u> violations of the ADEA. *See, e.g., Mitchell v. Sisters of Charity of Incarnate Word*, 924 F. Supp. 793, 801 (S.D. Tex. 1996); *McConnell v. Thomson Newspapers, Inc.*, 802 F. Supp. 1484, 1492 (S.D. Tex. 1992) (indicating, for damages purposes, that willful conduct is required  under both the ADEA and Fair Labor Standards Act). Therefore, the Court grants Defendants' motion to dismiss Castillo's claim for exemplary damages under the TCHRA and ADEA, but, to the extent Castillo seeks "punitives" under the ADEA in the form of liquidated damages, the Court denies the motion to dismiss under the

ADEA and requires Castillo to amend his complaint to appropriately reflect the type of damages sought in this case.  Accordingly, the Court hereby

ORDERS that Defendants City of Houston and Larry Homan's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Document No. 4) is GRANTED IN PART and DENIED IN PART.  Defendants' motion to dismiss is granted as to any age discrimination claims against Homan individually, all defamation claims against the City of Houston, and the recovery of punitive or exemplary damages under the TCHRA or ADEA.  However, Defendants' motion to dismiss is denied as to the ADEA and TCHRA claims against the City of Houston.  Instead, Castillo is hereby

ORDERED to amend his complaint as to his ADEA and TCHRA claims, specifically related to any exhaustion of administrative remedies under both statutes and damages issues under the ADEA, as well as remove any age discrimination claims against Homan and assert a defamation claim, if viable, against Homan and other individuals.[9]  Castillo is further

ORDERED to file his amended complaint no later than August 29, 2005.  If Castillo fails to adequately amend his complaint, Defendants may file a subsequent

---

[9]The Court assumes Castillo will also amend his complaint regarding any claims against Gilbert Garcia as there is no specific mention of him in Castillo's complaint.

dispositive motion.

SIGNED at Houston, Texas, on this 16th day of August, 2005.

_____

DAVID HITTNER

United States District Judge